IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS B. BEALLE, III, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0210-WS-M |
| | ) |
| HOMEQ SERVICING CORP., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 7). The defendants have filed responses, (Doc. 17, 18), and the plaintiff declined the opportunity to reply. (Doc. 8).

The complaint names as defendants Principal Equity Mortgage, Inc. ("Principal"), HomEq Servicing Corp. ("HomEq"), and ZC Sterling Insurance Agency, Inc. ("Sterling"), as well as various fictitious defendants. Principal is identified as the original mortgagee on the property at the heart of this dispute, although the complaint acknowledges that Principal may no longer hold the mortgage.[1] HomEq is identified as a servant, agent or employee of the mortgage holder.[2] Sterling is identified as an insurance company that insured the subject property with a policy procured by the mortgage holder and/or HomEq. (Doc. 1, Exhibit 3).

The complaint alleges that the property was damaged by Hurricane Katrina; that claim was made on the policy; that the defendants promised to pay claims in the amount

---

[1] While the action was pending in state court, the plaintiff filed a motion to strike Principal as a party, on the grounds Principal has in fact assigned the mortgage to an unidentified third party. The motion was granted. (Doc.1, Exhibit A).

[2] This defendant has stated its correct name as Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing. (Doc. 1, Exhibit B).

of $35,997.32, which remains unpaid; that two insurance checks were issued against this amount in the sum of $14,116.90, made payable jointly to the plaintiff and to HomEq, but the mortgagee has refused to endorse the checks; and that the plaintiff has suffered depreciated property value and loss of rentals from the defendants' conduct. (Doc. 1, Exhibit 3). The complaint includes seven counts, as follows:

| Count | Defendant(s) | Claim | Demand |
|---|---|---|---|
| One | "mortgage holder" | enjoin foreclosure | same |
| Two | "mortgage holder" | accounting | same |
| Three | "the Defendants" | damage to property | $35,997.32 |
| Four | "the Defendants" | negligence | unspecified |
| Five | "the Defendants" | breach of contract | $35,997.32 |
| Six | "the Defendants" | negligence | $50,000.00 |
| Seven | "mortgage holder" | enjoin foreclosure | TRO |

(*Id.*).

The defendants removed on the basis of diversity of citizenship. There is no dispute that the parties are of diverse citizenship, nor does the plaintiff raise any procedural objection to removal. The plaintiff's only argument is that the amount in controversy does not exceed $75,000, exclusive of interest and costs.

The plaintiff concedes that the $50,000 sought under Count Seven is cumulative to the $35,997.32 sought under Counts Three and Five, so that the total, non-redundant amount sought in the complaint exceeds the jurisdictional threshold. The plaintiff's argument is that the amount of payable claims represented by the latter sum has "already been settled," such that the plaintiff is really only seeking a "declaratory judgment" to "direc[t] ... the payment of such sums." (Doc. 7 at 1). The plaintiff apparently assumes that by this sleight of hand he takes the $35,997.32 off the jurisdictional table. (*Id.*).

The Court will assume for present purposes that the plaintiff can spin Counts Three and Five as he suggests. "When a plaintiff seeks injunctive or declaratory relief,

the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (internal quotes omitted). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). Here, the plaintiff seeks a declaration that he be paid $35,997.32, so the monetary value of the requested relief is that amount.

The plaintiff thus seeks $50,000 from each defendant under Count Six and an additional $35,997.32 from each defendant under Counts Three and Five. This plainly satisfies the amount in controversy requirement. The motion to remand is **denied**.

DONE and ORDERED this 3rd day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE